# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UCHECHI AMUNEKE-NZE, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 25-1293 (UNA) |
| CHARLES EZELL, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner's application to proceed *in forma pauperis* and Emergency Petition for Writ of Mandamus and/or Writ of Prohibition. The Court GRANTS the application and, for the reasons discussed below, DENIES the petition.

Petitioner alleges that the Office of Personnel Management ("OPM") and the agency's Acting Director, Charles Ezell, "are preparing to issue a rule that, despite its wording, would violate the Separation of Powers . . . and [would] illegally amended multiple federal statutes. Pet. at 3. He further alleges that President Trump recently issued a Presidential Memorandum directing OPM "to start making final decisions about whether federal employees are 'suitable' to keep working in government—even after they've already been hired." *Id.* at 6. She adds: "In plain terms, this memo was telling OPM to come up with a new way to fire current federal employees and [to] ban than from ever working for the federal government again." *Id.* at 7. He then points to a draft proposed rule, and he identifies an array of "concerns regarding the draft regulation." *Id.* at 7-8. According to Petitioner, the proposed rule would "expand[] OPM's authority to remove federal employees deemed unsuitable based on post-appointment conduct[,] . . . limit[] employees' ability to appeal . . . terminations to the Merit Systems Protection Board[, and] . . . introduc[e] new criteria for removal, including failure to furnish testimony and failure to

1

return official documents." *Id*. at 7. In effect, Petitioner alleges, the proposed rule would not only amend federal statutes, *see id*. at 10-11, but also would violate court orders, *see id*. at 8. Petitioner asserts that Congress, not OPM, has the authority to make and amend federal law and that "[a]ny attempt by OPM to alter the statutory framework governing federal employment – through regulation rather than legislation – violates the Separation of Powers doctrine." *Id*. at 8.

Petitioner requests that the Court issue either a writ of mandamus or a writ of prohibition preventing the adoption, implementation or enforcement of the proposed rule, at least until such time as Respondents' legal authority to promulgate the proposed regulations is established and the general public has an opportunity to review and comment on them as is required under the Administrative Procedure Act. *See id*. at 4-5.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Petitioner describes herself as "an American citizen and a member of the general public," Compl. at 9, and claims to have "a protected interest in receiving adequate notice and a meaningful opportunity to comment [on] any substantive rule proposed or adopted by OPM," *id*. at 10. But Petitioner fails to allege facts even suggesting that she is likely to suffer an actual

injury traceable to OPM's proposed regulations. Although she may be "interested in . . . the rulemaking practices of federal agencies, including the OPM," *id*., Petitioner does not explain how she is "directly affected" by OPM's proposed regulations or how OPM's alleged violation "directly infringes on [her] rights," *id*. at 10. She does not, for example, claim to be a federal government employee who will be subject to the proposed rule.

"[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. Nor has Petitioner alleged facts sufficient to demonstrate that a ripe controversy exists; she has not alleged, for example, that the proposed rule has been finalize or that it has taken—or will soon take—effect. Because Petitioner fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction. And, in light of this conclusion, the Court need not consider other potential jurisdictional flaws, including whether Petitioner has satisfied the demanding standard for invoking the Court's statutory jurisdiction under the Mandamus Act.

The Court will, accordingly, dismiss the Petition for lack of subject-matter jurisdiction. A separate order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

DATE: May 7, 2025